CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, a National Banking Association, as Executor of the Last Will and Testament of Louis L. Dent, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 53 C 2101.

United States District Court
N. D. Illinois, E. D.

Nov. 2, 1955.

Dent, Hampton & Doten, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendant.

KNOCH, District Judge.

This matter came on to be heard on motions for summary judgment filed by both plaintiff and defendant and on a stipulation of facts.

The Court has had the benefit of argument of counsel on briefs, has studied the pleadings and the authorities to which reference has been made, and is fully informed in the premises.

The Court adopts the facts as stipulated by the parties and finds no genuine issue as to any material fact.

The question presented here is whether plaintiff's decedent was entitled to relief under Section 107(a) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 107(a), and plaintiff is, therefore, entitled to recover the sum of $5,055.91 paid for deficiency assessment of income taxes for the year 1946. The answer to this question turns on two issues: (1) were four negotiable instruments received by plaintiff's decedent on December 31, 1946, income to him in 1946 or in 1947; and (2) were the services rendered by plaintiff's decedent to the clients who paid more than 20% of their fees in 1946, separate from services rendered the other clients who paid less than 20% of their fees in 1946, all of these clients being defendants in a particular case.

All these clients were surety companies interested in litigation brought by the People of the State of Illinois and City of Chicago for use of holders of outstanding unpaid 1929 tax anticipation warrants of the Board of Education, against two City Treasurers and the sureties on their respective bonds.

Section 107, as amended, would permit a "spread-back" over the years during which services were being rendered if 80% of the fee were paid in 1947. If the four negotiable instruments in question, received and deposited in a bank on December 31, 1946, were income in 1946, then, at least as to those clients from whom they were received, Section 107 would not apply.

■ It is plaintiff's position that the negotiable instruments were income in 1947 because the bank accepted them on December 31, 1946, subject to collection as they were drawn on out-of-town banks, and credited plaintiff's decedent's account conditionally only, the funds not to be subject to withdrawal until actually collected. Plaintiff does not dispute the contention of the defendant that taxable income is deemed to have been received in the terminating year where, during that year, it is reduced, regardless of the form of the payment, to the taxpayer's unqualified possession. It is plaintiff's contention that because of the conditional crediting of these negotiable instruments to the bank account, possession by the taxpayer was qualified and limited by the bank in which the instruments were deposited and by the rules of the Federal Reserve Bank on the clearing of checks and drafts.

Treasury Regulation 111, promulgated under the Internal Revenue Code of 1939, Section 29.22(a)–4 provides that notes or other evidences of indebtedness received in payment for services constitute income to the amount of their fair market value. The same section states:

> "* * * A taxpayer receiving as compensation a note regarded as good for its face value at maturity, but not bearing interest, shall treat as income as of the time of receipt the fair discounted value of the note at such time."

The facts as stipulated indicate that the makers of the instruments in question were solvent and that the instruments were paid within a few days' time.

■ It is the opinion of this Court that the negotiable instruments did represent income in 1946, at least to the extent of the "fair discounted value" at the time of receipt.

It is also plaintiff's position that each of the sureties was an individual client. Although the defenses raised for each surety were similar, the facts as stipulated do show separate employment of the law firm of which decedent was a

partner, various individual as well as general reports to the surety-clients, individual billing and individual payments of fees at various times.

It is defendant's position that the law firm rendered a unified and integrated service to all eight sureties, whose situation in the pending litigation was similar and presented no conflicts in interest.

The facts as stipulated do not appear to the Court to support the defendant's position on this point.

■■■ The Court must therefore deny the defendant's motion for summary judgment in its favor. Plaintiff's motion for summary judgment in its favor for the total amount of the deficiency assessment plus interest, must also be denied. The plaintiff is entitled to judgment, however, for a portion of the deficiency assessment paid, as indicated above. A draft order in conformity with the foregoing may be presented within 50 days from the date hereof.